IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CARL LINDEN,<br><br>　　Plaintiff,<br><br>vs.<br><br>THE UNITED FOOD AND COMMERICAL<br>WORKERS UNION, LOCAL 1149,<br>JBS USA L.L.C.,<br><br>　　Defendants. | No. 4:14-cv-00228-JAJ<br><br><br>**ORDER** |

    This matter comes before the Court pursuant to Defendant United Food and Commercial Workers Union, Local 1149's ("Union") October 15, 2014, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded to this motion on November 5, 2014. In its motion for summary judgment, Union claims that Plaintiff failed to timely file his complaint and that the claim is therefore barred by the statute of limitations. Plaintiff disputes the date on which the statute of limitations began to run and claims that Union's fraud tolled the statute of limitations.

    This case presented a "hybrid 301" claim brought under the Labor Management Relations Act and the National Labor Relations Act. Plaintiff, Carl Linden, claims that his employer wrongfully terminated his employment when it fired him in violation of a collective bargaining agreement. Plaintiff claims that Union breached its duty to fairly represent him by refusing to pursue his grievances or assist him in pursuing his claims. Plaintiff brought this claim against his prior employer and Union ("Defendants") seeking reinstatement of his job and damages.

**I. BACKGROUND**

    Plaintiff began working at the Marshalltown, Iowa, meat processing facility presently operated by JBS USA, LLC ("JBS") in 2002. Plaintiff's employment was covered by a collective bargaining agreement between JBS and Union. Plaintiff worked at the JBS plant for eleven years without incident. In 2012, Plaintiff began to speak out about his dissatisfaction with some of Defendants' practices—namely, that Defendants were working together against the interests of unionized employees. JBS instituted disciplinary action against Plaintiff on four separate

1

occasions between May, 2013 and October, 2013. After each of these disciplinary actions, Plaintiff requested that Union file a grievance on his behalf. To Plaintiff's knowledge, Union never filed any grievances on his behalf. JBS terminated Plaintiff's employment on October 23, 2013, following the last of these disciplinary proceedings. Plaintiff's collective bargaining agreement provided that JBS could not terminate Plaintiff without cause.

Believing he was wrongfully terminated, Plaintiff asked Union to grieve both the disciplinary incidents and his termination. On November 22, 2013, Plaintiff acknowledges that he received a letter from Union informing him that Union would not file any grievances on his behalf, including any grievance for his termination, because Plaintiff had told Union to refrain from doing so. [Dkt. No. 14-3, page 18]. Plaintiff responded by asking Union to provide him with documentation surrounding the disciplinary incidents and his termination, requesting a response by December 15, 2013. Union never sent Plaintiff any documentation. Plaintiff claims that JBS violated the collective bargaining agreement by firing him without cause. Plaintiff also claims that Union breached its duty of fair representation by failing to pursue Plaintiff's grievances or provide him with the information he requested by the date he requested.

Plaintiff filed this action against JBS and Union on June 13, 2014. JBS moved to dismiss the case on August 13, 2014, claiming Plaintiff's action was barred by the statute of limitations. Plaintiff responded on September 2, 2014. On September 16, 2014 this Court granted JBS's motion to dismiss. The Clerk of Court entered judgment in favor of JBS on September 18, 2014. Union filed its motion for summary judgment on November 15, 2014, claiming that Plaintiff's action is barred by the statute of limitations. Plaintiff responded on November 5, 2014, referring the Court to his response to JBS's motion to dismiss.[1]

## II. LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides the standard for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law.

---

[1] Because the arguments in the motion to dismiss and motion for summary judgment are substantially similar, the Court will draw significantly on its previous order addressing JBS's motion to dismiss.

2

*HDC Med., Inc., v. Minntech Corp.*, 474 F.3d 543, 546 (8th Cir. 2007) (citation omitted); *see also Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 471 (8th Cir. 2008); *Kountze ex rel. Hitchcock Found. v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008). "'[T]he substantive law will identify which facts are material.'" *Guinan v. Boehringer Ingelheim Vetmedica, Inc.*, 803 F. Supp. 2d 984, 993 (N.D. Iowa 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242. 248 (1986)).

Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[A]n issue of material fact is genuine if the evidence is sufficient to allow a reasonable jury verdict for the nonmoving party." *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. et al.*, 536 F.3d 939, 944 (8th Cir. 2008) (citation omitted). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Saffels v. Rice*, 40 F.3d 1546, 1550 (8th Cir. 1994) (citation omitted). The nonmoving party is entitled to all reasonable inferences that can be drawn from the evidence without resort to speculation. *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1110 (8th Cir. 2001). "[A]lthough [the non-moving party] does not have to provide direct proof that genuine issues of fact exist for trial, the facts and circumstances that [the party] relies 'upon must attain the dignity of substantial evidence and not be such as merely to create a suspicion.'" *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003) (citation omitted). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Sprenger*, 253 F.3d at 1110.

### III. ANALYSIS

Plaintiff's claims against Union for breaching its duty of fair representation together with the dismissed claims against JBS for wrongful termination are called a "hybrid 301" claim. The parties agree that Plaintiff has brought a hybrid 301 claim and that the applicable statute of limitations is six months. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *see* 29 U.S.C. § 185. The parties further agree that the six-month statute of limitations begins to run when the Plaintiff knew or "should reasonably have known of the union's alleged breach." *Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014) (quoting *Scott*, 242 F.3d at 839) (internal quotation marks omitted); *Hood v. Sweetheart Cup Co.*, 816 F. Supp. 720, 726 (S.D. Ga. 1993), *aff'd*, 11 F.3d 168 (11th Cir. 1993) ("In hybrid suits, the cause of

action accrues on the date that the plaintiff knew or should have known of the union's or the employer's final action, whichever occurs later."). A hybrid 301 claim "accrue[s] on the date the employee's grievance is finally rejected and his contractual remedies are exhausted." *Gerhardson v. Gopher News Co.*, 698 F.3d 1052, 1056 (8th Cir. 2012) (citing *Craft v. Auto., Petrol. & Allied Indus. Emps. Union, Local 618*, 754 F.2d 800, 803 (8th Cir. 1985). The parties dispute the date on which the statute of limitations began to run. Furthermore, Plaintiff contends the statute of limitations was tolled due to Union's fraud.

**1. Accrual of Claims and When the Statute of Limitations Began to Run**

Here, Plaintiff claims his cause of action accrued on December 15, 2013, because this was the date it "became clear that the Union refused to allow him to grieve the claim." [Dkt. No. 17-1, page 7]. Plaintiff confuses the applicable standard for determining when the statute of limitations begins to run. The question here is not the last time Union acted against Plaintiff's interest. The question instead focuses on the first point at which Plaintiff "reasonably should have known" of Union's alleged breach. *Becker*, 742 F.3d at 333. The time at which Plaintiff reasonably should have known of Union's alleged breach is closely tied to how Plaintiff claims Union breached its duty of fair representation. *See, e.g.*, *Skyberg v. United Food and Commercial Workers Int'l. Union, AFL-CIO*, 5 F.3d 297, 301–02 (8th Cir. 1993).

Plaintiff claims Union breached its duty of fair representation when it "arbitrarily refused to prosecute Plaintiff's grievance and chose to allow the wrongful and non-just cause termination of the Plaintiff to stand." [Dkt. No. 1, page 6]. Plaintiff also claims that Union "refused to provide him with materials necessary to pursue" the grievance on his own. [Dkt. No. 1, page 6]. Union informed Plaintiff by letter that it would not pursue Plaintiff's grievances on November 22, 2013. [Dkt. No. 1, page 5]. This letter unequivocally alerted Plaintiff to the fact that Union would not file grievances on his behalf and made Plaintiff aware of the conduct that Plaintiff alleges breached Union's duty of fair representation. With respect to Plaintiff's claim that Union breached its duty of fair representation by failing to pursue his grievances, Plaintiff was aware of "all facts which gave rise to" his claim when he received the letter on November 22, 2013. *Skyberg v. United Food and Commercial Workers Intern. Union, AFL-CIO*, 800 F. Supp. 855, 856 (D.S.D. 1992), *aff'd*, 5 F.3d 297 (8th Cir. 1993).

Plaintiff provides little information regarding his claim that Union refused to provide him with the materials necessary to pursue a claim. Plaintiff claims he requested "Union provide him

with documentation surrounding his disciplines and termination" and "information regarding Union's actions after his prior requests for grievances in 2013 and asked for a response before December 15, 2013." [Dkt. No. 17-1, page 7]. Plaintiff provides no further information about what materials Union allegedly withheld from Plaintiff that prevented his from filing a cause of action, but claims only that Union's actions "delayed his ability to grieve." [Dkt. No. 17-1, page 7]. Plaintiff claims that Union prevented him from asserting his rights by "having refused to either refuse or agree to prosecute his grievance." [Dkt. No. 17-1, page 6]. Plaintiff argues that the claim therefore did not accrue until Union failed to respond to Plaintiff's December 15, 2013 deadline.

It is clear that Plaintiff was aware of and disputed the fairness of his termination as of October 23, 2013. Furthermore, it is clear that Plaintiff was aware of Union's formal decision not to pursue his grievances as of November 22, 2013. Plaintiff provides no further details about what information Union withheld that prevented him from acting upon the knowledge he had as of November 22, 2013, when Plaintiff received Union's letter. Therefore, the Court finds that the claim accrued and the statute of limitations began to run on November 22, 2013. This is the date at which Plaintiff knew of the facts underlying both his claim against JBS for wrongful termination and against Union for breach of their duty of fair representation. Plaintiff filed the instant action seven months after he reasonably knew of the events giving rise to this action. Therefore, Plaintiff filed this claim outside the statute of limitations.

**2. Fraud**

In addition to arguing that this cause of action did not accrue until December 15, 2013, Plaintiff argues that the Court should find that the statute of limitations was tolled and allow his claim, despite its being filed outside the statute of limitations, because Union acted fraudulently. "Equitable tolling arises only upon some positive misconduct by defendant to toll the statute of limitations, which is deliberately designed to lead the plaintiff not to bring an action within the permissible time. *Skyberg*, 5 F.3d at 302. A plaintiff can equitably toll the statute of limitations based on allegations of fraud when a defendant has "attempted to mislead the plaintiff from suing on time." *Oshiver*, 38 F.3d at 1389.

Plaintiff claims that Union committed such affirmative misconduct and acted fraudulently when it "falsely stated why it would not grieve his discharge and then delayed—indeed refused—to provide material to him allowing him to attempt to protect his job." [Dkt. No. 17-1,

page 6–7]. Plaintiff alleges that Union's statement that Plaintiff asked Union not to pursue his grievances was false and that Union's making this false statement constitutes fraud. *Id.* at P. 7.

Taking the facts in the light most favorable to the Plaintiff, Union's statement as to why it declined to pursue Plaintiff's grievances does not amount to fraud necessary for equitable tolling. Plaintiff and Union clearly disagree about why Union decided not to pursue Plaintiff's grievances. However, any of Union's representations as to why it declined to pursue these grievances speak only to Union's subjective justification for its decision and do not constitute affirmative misconduct designed to prevent Plaintiff from timely filing a claim. Union's statement that Plaintiff asked Union not to pursue these grievances could not have affirmatively misled Plaintiff. Plaintiff had personal knowledge of whether or not Plaintiff asked Union to refrain from pursuing his grievances. *Hood*, 816 F. Supp. at 727. Because Plaintiff knew immediately whether Union's alleged justification for declining to pursue these grievances was true, Union's statement did not conceal any fraud. *Id.* (finding no fraud when plaintiff had personal knowledge of whether defendant's statement was true, and because of that personal knowledge, defendant made no attempt and concealment). Plaintiff fails to allege how this statement in any way prevented him from filing his claim within the statute of limitations. *See Anderson v. General Motors Corp. and Local 435(UAW)*, 2004 WL 725208, at *6 (D. Del. March 29, 2004) (finding no fraud when the plaintiff knew of the facts underlying his claim and failed to show how an error by defendants prevented his timely filing). Plaintiff was aware of the factual basis of his claim throughout late 2013, and Union's statement that Plaintiff asked Union not to file grievances in no way misled Plaintiff or prevented him from acting on the knowledge he possessed. The Court finds that Union's behavior did not amount to fraud and that Union's behavior did not toll the statute of limitations.

### IV. CONCLUSION

The Court finds no genuine issues of material fact and that Union is entitled to judgment as a matter of law. The six-month statute of limitations on Plaintiff's claim began running on November 22, 2013, when Plaintiff reasonably should have known about the facts giving rise to this claim. Union did not commit any act tolling the statute of limitations. The six-month filing period therefore expired on May 22, 2014. Plaintiff filed this action on June 13, 2014. Plaintiff's claim is therefore untimely.

Upon the foregoing,

**IT IS ORDERED** that Union's motion for summary judgment is **GRANTED**. The Clerk shall enter judgment for the Defendants.

**DATED** this 18th day of February, 2015.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA